# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3186 | **DATE** | 4/1/2011 |
| **CASE TITLE** | U.S. ex rel. Ernest Blossom vs. Warden Lee Ryker | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants respondent's motion to dismiss [# 15]. The Clerk is directed to enter judgment dismissing the petition. In addition, the Court declines to issue a certificate of appealability, because the ruling that the petition is time-barred is not fairly debatable. *See Slack v. McDaniel,* 529 U.S. 473, 478 (2000).

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Defendant has moved to dismiss plaintiff's federal habeas corpus petition on timeliness grounds. The Court grants the motion [docket no. 15].

Federal law requires a prisoner in state custody to file a habeas petition no later than one year after the conclusion of his direct appeal or the expiration of the time for seeking direct review, unless one of several exceptions applies. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on June 7, 2002, the date of his deadline on direct appeal for seeking leave to appeal to the Illinois Supreme Court. Petitioner thus had until June 7, 2003 to file his federal habeas corpus petition, unless an exception applies. Petitioner did not file his petition until nearly seven years later, on May 19, 2010.

No exception to the rule applies. First, petitioner does not argue that he is entitled to a later start date for the one-year period based on late discovery of a new factual basis for his claim. *See* 28 U.S.C. § 2244(d)(1)(D). In fact, petitioner asserted the very same claim in November 1999, in a motion for reconsideration of his sentence that he filed in state court. Thus he knew the ground for his current petition well over ten years ago. Second, though petitioner has filed various pleadings in state court, state court proceedings that are commenced after the one-year federal limitations period expires do not revive or extend that one-year limit. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Finally, though "AEDPA's statutory limitations period may be tolled for equitable reasons," a petitioner seeking equitable tolling must show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010) (citation and internal quotation marks omitted). Petitioner may have pursued his rights diligently in state court, but the record does not suggest that there is any extraordinary circumstance that prevented him from making a timely federal filing. It is difficult to imagine a circumstance that would justify a filing delay of nearly seven years.

| STATEMENT |
|---|
| For these reasons, the Court finds that the petition is time-barred and thus granted respondent's motion to dismiss. The Court also denies petitioner's renewal of his motion for appointment of counsel. Petitioner has not shown that the issues in the case are so difficult or complicated that appointment of counsel is necessary for a fair presentation of the statute of limitations issue. |